FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 13 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

KATHY DREW KING, Regional Director of
Region 29 of the National Labor Relations Board,
for and on behalf of the NATIONAL LABOR
RELATIONS BOARD
    Petitioner

v.

CONSTRUCTION & GENERAL BUILDING
LABOERS' LOCAL 79, LABORERS'
INTERNATIONAL UNION OF NORTH AMERICA
    Respondent

CV 19-3496
CV

BLOCK, J.

BLOOM, M.J

## (PROPOSED) TEMPORARY RESTRAINING ORDER

The Petition of Kathy Drew King ("Petitioner"), Regional Director of the Twenty Ninth Region of the National Labor Relations Board ("Board") for and on behalf of the Board, pursuant to § 10(l) of the National Labor Relations Act ("the Act"), as amended, 29 U.S.C. §160(l), following the issuance of the unfair labor practice Complaint, as amended, in Case 29-CC-241297 against Construction & General Building Labors' Local 79, Laborers' International Union of North America ("Respondent"), pending disposition before an Administrative Law Judge of the Board, and Petitioner having filed a Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) pending the filing of a petition for preliminary injunctive relief, the Petition and Motion being verified and supported by affidavits and exhibits; and

**IT APPEARING** to the Court from the verified Petition, other pleadings, affidavits, exhibits, argument of counsel, and the entire record in this matter, that:

1.     There is reasonable cause to believe that Respondent is a labor organization within the meaning of § 2(5) of the Act;

1

2. There is reasonable cause to believe that Respondent, through its agents, has engaged in, with an unlawful object, *inter alia*, picketing, threats, coercion and restrain of persons engaged in commerce, or in an industry affecting commerce;

3. There is reasonable cause to believe that the above-described conduct of Respondent violates §§ 8(b)(4)(i) and (ii)(B) of the Act and that said unfair labor practices affect commerce or an industry affecting commerce within the meaning of §§ 2(6) and (7) of the Act;

4. There is imminent danger that, absent immediate temporary injunctive relief, substantial and irreparable injury to the statutory rights of neutral persons engaged in commerce and uninvolved in the primary labor dispute will be inflicted by Respondent until the petition for preliminary injunctive relief can be filed and heard, and that the final administrative order of the Board will be frustrated or nullified if interim relief is not immediately granted; and

5. It is appropriate and just and proper, within the meaning of § 10(l) of the Act and Fed. R. Civ. P. 65(b) that, pending completion of the hearing before the Court on the merits of the Petition, and for a period of five (5) days from the entry of this Order, that Respondent be temporarily enjoined and restrained from the commission of further acts and misconduct in violation of the Act as described in the Petition.

**WHEREFORE, IT IS HEREBY ORDERED** that Respondent Construction & General Building Labors' Local 79, Laborers' International Union of North America, its officers, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them, for a period of five (5) days' duration from the date of this Order, as provided for in Rule 65(b) of the Federal Rules of Civil Procedure and pursuant to the provisions of the Act, are

**ENJOINED AND RESTRAINED** from, in any manner or by any means, engaging in any picketing or other conduct, including the use of inflatable rats or cockroaches, with an object

to induce or encourage individuals employed by Mannix Family Market @ Hylan Blvd LLC and Mannix Family Market @ Forest and Richmond Ave. LLC, and Mannix Family Markets @ Veterans Rd LLC, in Staten Island New York and other persons engaged in commerce or in industries affecting commerce to refuse to handle goods or perform services, in furtherance of Respondent's dispute with Kimco Realty Corp. (Kimco) and GTL Construction LLC (GTL); and threatening, restraining, or coercing any other person engaged in commerce, or in an industry affecting commerce, to cease handling, using, selling, transporting, or otherwise dealing in the products of, or to cease doing business with Kimco and GTL, or any other person engaged in commerce, or in an industry affecting commerce, or with each other.

**IT IS FURTHER ORDERED** that to assure compliance with the Court's Temporary Restraining Order, the Court direct service of said Order upon the United Stated Marshal for the Eastern District of New York, and further direct the United States Marshals Service to take those actions deemed necessary to enforce the provisions and prohibitions set forth in this Order.

**IT IS SO ORDERED.**

DATED at Brooklyn, New York this ___ day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE


Presented by:

_____
Erin Schaefer
National Labor Relations Board
2 MetroTech Center, 5th Floor
Brooklyn, NY 11201
Telephone: (718) 765-6158
Email: erin.schaefer2@nlrb.gov
*Counsel for the Petitioner*