

**COHEN WEISS AND SIMON LLP**

**Joseph J. Vitale, Partner**
Tel: 212.356.0238
Fax: 646.473.8238
Cell: 917.514.9478
jvitale@cwsny.com
www.cwsny.com

900 Third Avenue, Suite 2100 • New York, NY 10022-4869

June 13, 2019

<u>By Electronic Case Filing</u>

Honorable Frederic Block
United States District Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    King v. Construction & General Building Laborer's
                  <u>Local 79, Civil Action No. 1:19-cv-03496 (FB) (LB)</u>

Dear Judge Block:

      After having had the opportunity to review the Petitioner's Proposed Temporary Restraining Order and her Memorandum of Law, I write on behalf of Local 79 to submit this letter to briefly raise two additional points.[1]

      First, the Proposed TRO is unduly vague, as it largely just recites language of Section 8(b)(4) of the Act with the addition of "use of inflatable rats and cockroaches." For reasons set forth in the Union's Memorandum, an injunction against use of inflatable balloons is constitutionally infirm. The Regional Director has cited absolutely no cases—and there are none—where a court, let alone on a motion for a TRO under Section 10(l) of the NLRA, has enjoined the use of symbolic objects as a form of expression. Beyond that, given the novel interpretations the Regional Director is providing to words like "coercion" and "picketing", the remainder of the draft TRO is so broad and ill-defined that it would leave Local 79 no way of understanding what expressive conduct, if any, it can permissibly engage in. In fact, the answer is almost certainly none (if perhaps with the exception of leaflets on appropriately sized paper). As such, the Proposed TRO violates well-established judicial principles against over-breadth in the issuance of injunctions, especially when applicable to matters of free expression. *See* Metropolitan Opera cited in our brief.

---

[1] In advance of any scheduled motion for a preliminary injunction, Local 79 intends to submit a separate and more extensive memorandum in response to the Regional Director's June 13, 2019 filings.



01091572.1



Honorable Frederic Block
June 13, 2019
Page 2

      Second, although not specified in the NLRB Complaint against the Union, the Regional Director now claims in the Petition that a TRO is needed because a month ago an undefined number of members of the "public"—not even alleged Shop Rite customers—walked in the road to get around a 20-25 person rally.  This single alleged instance—the Union is aware of a single pedestrian in exercise clothing passing briskly by while talking on the phone—does not remotely warrant a TRO a month later.

                                                            Respectfully submitted,

                                                            *Joseph J. Vitale*

                                                            Joseph J. Vitale

JJV:vlf
cc:    Erin Schaefer

