

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**

REGION 29
TWO METRO TECH CENTER STE 5100
FL 5
BROOKLYN, NY 11201-3838

Agency Website: www.nlrb.gov
Telephone: (718)330-7713
Fax: (718)330-7579

June 25, 2019

**via ECF**
Honorable Nicholas G. Garaufis, USDJ
United States Courthouse
Room 1426 South
225 Cadman Plaza, East
Brooklyn, New York 11201

       Re: <u>King v. Construction & General Building Laborers' Local 79</u>
       <u>Case No. 1:19-CV-3496-NGG-VMS</u>

Dear Judge Garaufis:

      During Oral Arguments before Your Honor held on June 24, 2019, you instructed the undersigned counsel for the Petitioner to advise Your Honor by noon on June 25, 2019, whether Petitioner had additional evidence it wished to present the court in support of our Petition for Preliminary Injunctive relief in support of the above captioned case. The Petitioner is not requesting an evidentiary hearing and does not believe one is necessary.

      Petitioner has already submitted the affidavits that the Regional Director considered in making her determination that the Respondent violated section 8(b)(4)(i) and (ii) (B) of the National Labor Relations Act ("the Act"), 29 U.S.C. 158(b)(4)(i) and (ii) (B). Based upon that evidence and her determination that there was reasonable cause to believe that the Act was violated, the Petitioner was required to seek the requested temporary restraining order and preliminary injunctive relief pursuant to section 10(l) of the Act, 29 U.S.C. 160(l). The Regional Director submits that there is reasonable cause based on the evidence she considered, which she provided to the Court, to establish that the Respondent, Construction & General Building Laborers' Local 79 violated the Act.

      As this Circuit has held "[t]he District Court [is] not required to make final or even preliminary findings as to the truth or falsity of the facts alleged in the petition of the Director. By the terms of 10(l) the Court's function is limited to ascertaining whether the Director could have 'reasonable cause to believe' that the charges filed were true and to granting such equitable relief 'as it deems just and proper.'" *Douds v. Milk Drivers & Dairy Emp Union Local 584*, 248 F.2d 534, 537 (2d Cir. 1957) quoting 29 U.S.C. 160(l). As outlined in Petitioner's Memorandum in support of the requested relief, "the district court should be hospitable to the views of the

1

General Counsel, however novel," *Danielson v. Joint Board of Coat, Suit and Allied Garment Workers' Union*, 494 F.2d 1230, 1245 (2d Cir.1974). "[T]he Board, rather than the district courts, remains the primary fact finder and primary interpreter of the statutory scheme." *McLeod v. National Maritime Union*, 457 F.2d 490, 494 (2d Cir.1972).

      While Respondent does not believe the Court needs any further witness testimony to determine that there is reasonable cause to believe the Act has been violated, Petitioner requests permission to submit a brief in response to questions Your Honor raised about the First Amendment. Petitioner requests until June 28, 2019, to file the requested brief.

      Respectfully Submitted,

      /s/ Erin E. Schaefer
      Erin E. Schaefer
      National Labor Relation Board, Region 29
      Two MetroTech Ctr, Ste 5100
      Brooklyn, New York 11201
      (718) 765-6158
      erin.schaefer2@nlrb.gov

cc via email and ECF:

Joseph J. Vitale    jvitale@cwsny.com

James P. Anelli    anellij@whiteandwilliams.com